IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Gordon P. Gallagher, United States Magistrate Judge

Civil Action No. 21-cv-01559-LTB-GPG

VANESSA D. SHEPLEY,

Plaintiff,

v.

THORNTON POLICE DEPARTMENT,

Defendant.

---

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

This matter comes before the Court on the Complaint (ECF No. 1)[1] filed *pro se* by Plaintiff, Vanessa Shepley. The Court granted Ms. Shepley's Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) (ECF No. 5). The matter has been referred to this Magistrate Judge for recommendation (ECF No. 8).[2]

---

[1] "(ECF No. 1)" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Recommendation.

[2] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72(b). The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

The Court must construe the Complaint liberally because Ms. Shepley is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

The Court has reviewed the filings to date. The Court has considered the entire case file, the applicable law, and is sufficiently advised in the premises. This Magistrate Judge respectfully recommends that the Complaint be dismissed.

## I. DISCUSSION

Ms. Shepley fails to provide a short and plain statement of any claims for relief in the Complaint. Although the Complaint names the Thornton Police Department as the sole defendant, Ms. Shepley does not allege any facts that show the existence of a policy or custom that directly caused the violation of a constitutional right. Further, Ms. Shepley does not identify in the Complaint any federal claims showing she is entitled to relief and fails to provide a clear statement of the relief she is seeking.

On June 11, 2021, the Court ordered Ms. Shepley to file an amended complaint that provides a short and plain statement of her claims showing she is entitled to relief as required by Rule 8 of the Federal Rules of Civil Procedure. (ECF No. 6). The Court explained to Ms. Shepley that she must identify the specific claims she is asserting, the specific factual allegations that support each claim, against which Defendant or Defendants she is asserting each claim, and what each Defendant did that allegedly violated her rights. Ms. Shepley has not filed an amended complaint within the time allowed. Therefore, the Complaint (ECF No. 1) is the operative pleading before the

Court.

The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005); *see also United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs."); *Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991) (vague and conclusory allegations that his or her rights have been violated do not entitle a *pro se* pleader to a day in court regardless of how liberally the pleadings are construed), *aff'd*, 961 F.2d 916 (10th Cir. 1992). "[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his [or her] conclusory allegations." *Hall*, 935 F.2d at 1110.

The twin purposes of a pleading are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989); *see also Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (stating that a complaint "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."). The requirements of Rule 8 of the Federal Rules of Civil Procedure are designed to meet these purposes. *See TV Communications Network,*

*Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Furthermore, the philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. As a result, prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

For the reasons discussed in the order directing Ms. Shepley to file an amended complaint, the Complaint is subject to dismissal for failure to comply with the pleading requirements of Rule 8. In particular, Ms. Shepley fails to provide a short and plain statement of any claim that demonstrates she is entitled to relief in this action.

## II. RECOMMENDATION

For the reasons set forth herein, this Magistrate Judge respectfully

RECOMMENDS that the Complaint (ECF No. 1) and the action be dismissed without prejudice for failure to comply with the pleading requirements of Rule 8.

DATED August 25, 2021.

BY THE COURT:

Gordon P. Gallagher
United States Magistrate Judge